**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **JIM SEEDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO.**  3:17-cv-718-TBR |
| | ) |
| **STERLING JEWELERS, INC.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.    NATURE OF THE CASE

1.    Plaintiff, Jim Seeds ("Seeds or "Plaintiff"), by counsel, brings this action against Defendant, Sterling Jewelers, Inc. ("Sterling" or "Defendant"), alleging violations of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et. seq.* and the Kentucky Civil Rights Act.

### II.    PARTIES

2.    Seeds is a resident of Jefferson County in the Commonwealth of Kentucky who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3.    Sterling maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

### III.    JURISDICTION AND VENUE

4.    Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 29 U.S.C. §621 and 28 U.S.C. §1367.

5.      Jurisdiction is conferred on Seeds' state law claims pursuant to 28 U.S.C. §1367 because his state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6.      Sterling is an "employer" as that term is defined by 29 U.S.C. §630(b) and KRS 344.030(2).

7.      Seeds was an "employee" as that term is defined by 29 U.S.C. §630(f) and KRS 344.030(5).

8.      Seeds satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Sterling alleging age discrimination. Seeds received the required Notice of Sue Rights and timely files this action.

9.      A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

**IV.      FACTUAL ALLEGATIONS**

10.     Seeds was born in 1957.

11.     Seeds was hired by Sterling on or about April 1, 2014 as a Jeweler.

12.     At all relevant times, Seeds met and/or exceeded Sterling's legitimate performance expectations.

13.     From the onset and throughout his employment, Seeds expressed his desire to become a member of management.

14.    In or about January 2016, Lorri Dunlap, the Repair Shop Manager, advised Seeds that she would place him in a managerial position for a trial period for the entire month of February 2016, which would allow her to ascertain whether Seeds was suitable to be a manager. Thereafter, Ms. Dunlap determined that Seeds' trial period was to last for approximately three (3) days beginning on February 28, 2016 and ending within two (2) work hours on March 1, 2016.

15.    Ms. Dunlap did not require younger candidates to participate in a trial period before they were promoted to management.

16.    Ms. Dunlap advised Seeds that he would be the acting Shop Manager during his trial period and was expected to work 70-80 hours per week. Seeds was also required to maintain his production numbers as a Jeweler while acting as the Shop Manager. Ms. Dunlap also advised Seeds that the trial period would allow him to "personally experience the difficulty of the job" before he determined whether to pursue a managerial position. Ms. Dunlap pointed out all of the alleged disadvantages to management and specifically questioned Seeds' "stamina" in handling the workload and the required hours. Ms. Dunlap had previously told one of Seeds' co-workers, Katelyn Durr, that Seeds was not capable of being a manager and she would "show him."

17.    On or about February 29, 2016, the second day of Seeds' trial period, he received a write-up from Ms. Dunlap for allegedly failing to use the appropriate cleaner in the ultrasonic cleaning machines.

18.    On or about March 1, 2016, the third day of Seeds' trial period, he received another write-up from Ms. Dunlap for ordering a semi-mount ring on or about February 29, 2016 despite previously ordering semi-mount rings with no repercussions. Younger jewelers were not disciplined for ordering semi-mount rings.

3

19.     Seeds utilized his paid time off on March 1, 2016 and March 2, 2016.  On or about March 3, 2016, Seeds clocked in and met with Eric Williams, the District Manager, in an effort to resolve these issues with Ms. Dunlap, but was unsuccessful.

20.     On March 7, 2016, Seeds was advised by Jim Miller, the Regional Manager, that his employment was terminated effective March 1, 2016.

## V.     CAUSES OF ACTION

### COUNT I: AGE DISCRIMINATION- ADEA

21.     Seeds hereby incorporates paragraphs one (1) through twenty (20) of his Complaint as if the same were set forth at length herein.

22.     Sterling discriminated against Seeds on the basis of his age when it required him to undergo a trial period before being promoted and terminated his employment.

23.     Sterling has willfully and intentionally discriminated against Seeds on the basis of his age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 *et. seq.*

24.     Seeds has suffered damages as a result of Sterling's unlawful actions.

### COUNT II: AGE DISCRIMINATION- KCRA

25.     Seeds hereby incorporates paragraphs one (1) through twenty (24) of his Complaint as if the same were set forth at length herein.

26.     Sterling discriminated against Seeds on the basis of his age when it required him to undergo a trial period before being promoted and terminated his employment.

27.     Sterling has willfully and intentionally discriminated against Seeds on the basis of his age in violation of the Kentucky Civil Rights Act, KRS 344.040.

28.     Seeds has suffered damages as a result of Sterling's unlawful actions.

4

## VI.    REQUESTED RELIEF

WHEREFORE, Plaintiff, Jim Seeds, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1.    Reinstate Plaintiff to the position and/or seniority level he would have enjoyed but for Defendant's unlawful actions or front pay in lieu thereof;

2.    All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

3.    Compensation for any and all other damages suffered as a result of Defendant's unlawful actions;

4.    Compensatory damages for Defendant's violations of the ADEA and KCRA;

5.    Punitive damages for Defendant's violation of the ADEA;

6.    Liquidated damages for Defendant's violation of the ADEA;

7.    Costs and attorney's fees incurred as a result of bringing this action;

8.    Pre- and post-judgment interest on all sums recoverable; and

9.    All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

MORGAN & AKINS, PLLC

/s/ Krista A. Willike
Krista A. Willike
201 East Main Street, Suite 730
Lexington, KY 40508
Telephone: (859) 554-6769
Fax: (859) 554-6960
Email: kwillike@morganakins.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Jim Seeds, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

MORGAN & AKINS, PLLC

/s/ Krista A. Willike
Krista A. Willike
201 East Main Street, Suite 730
Lexington, KY 40508
Telephone: (859) 554-6769
Fax: (859) 554-6960
Email: kwillike@morganakins.com

*Counsel for Plaintiff*

Dated 11/29/17.

6