UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17-CV-00718-TBR

JIM SEEDS,     PLAINTIFF

v.

STERLING JEWELERS, INC.,     DEFENDANT

**Memorandum Opinion and Order**

This matter comes before the Court upon Motion by Plaintiff's counsel of record, Morgan & Akins, PLLC, to withdraw as counsel. [DN 5.] The time has passed for Defendant Sterling Jewelers, Inc. to file a Response. This Motion is ripe for adjudication and, for the following reasons, **IT IS HEREBY ORDERED** that this Motion [DN 5] is **GRANTED.**

**I. Background**

This lawsuit was commenced on November 29, 2017 by Jim Seeds against Sterling Jewelers, Inc., pursuant to the Age Discrimination in Employment Act of 1967 and the Kentucky Civil Rights Act. [*See* DN 1, at 1.] Seeds, born in 1957, was hired by Sterling Jewelers in 2014, where he worked for approximately two years before being terminated. [*Id*. at 1-3.] During his time of employment, he manifested a desire to obtain a management position within the company, but claims he was discriminated against because of his age because the company "required him to undergo a trial period before being promoted and terminated his employment." [*Id.* at 2, 4.] Additionally, Seeds claims that these acts violated the Kentucky Civil Rights Act. [*Id.* at 4.] Since the time of this lawsuit's inception, Seeds has been represented by the law firm Morgan & Akins, PLLC. [*Id.* at 5.] The attorney of record is Krista Willike. [*Id.*] Since this lawsuit started, it has been brought to the Court's attention that Willike is no longer employed by

1

Morgan & Akins, and now the law firm wishes to withdraw as counsel for Seeds due to a lack of expertise in this area of employment law. [*See* DN 5.]

## II. Discussion

### A.

This Court has broad discretion to determine whether and under what terms to allow an attorney to withdraw as counsel of record. *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009). Pursuant to Local Rule 83.6, in effect in the Western District of Kentucky,

> an attorney of record may withdraw from a case only under the following circumstances: (a) The attorney files a motion, his or her client consents in writing, and another attorney enters his or her appearance; or (b) The attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose.

LR 83.6(a)-(b). Where an attorney's request satisfies those benchmarks, leave to withdraw should be freely given absent a showing of "severe prejudice" to a litigant or other third-party. *Brandon*, 560 F.3d at 538 (citing *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002)). Whether prejudice would result, and the degree of any such prejudice, must be measured "in light of the 'weighty policy reasons to allow withdrawal.'" *King v. Curtis*, 610 F. App'x 534, 537-38 (6th Cir. 2015) (quoting *Brandon*, 560 F.3d at 538).

### B.

The Court will grant the instant Motion. First, a motion has been filed in compliance with Local Rule 83.6(b). [*See* DN 5.] Second, included in the Motion is a certification showing that Seeds was mailed, via Certified Mail, a copy of the instant Motion. [*Id.* at 3.] Third, counsel has shown good cause. Specifically, as this case arises under the Age Discrimination in Employment Act and the Kentucky Civil Rights Act, the Court views it as properly classified as an

employment law case. According to the instant Motion, "at the time of her employment [at Morgan & Akins] and all times since, Ms. Willike was the only attorney with knowledge and experience in the area of employment law at issue in this claim and the Complaint filed herein on behalf of [Seeds]." [*Id.* at 1.] It follows that, subsequent to Willike's departure from Morgan & Akins, no attorney remaining at the firm was or is prepared to undertake Seeds' case. Moreover, "to the Firm's knowledge, [Willike] has not obtained subsequent employment. Her cases, including that of [Seeds] remained with the Firm." [*Id.*] Consequently, the Court finds that good cause has been shown with respect to why Morgan & Akins can no longer represent Seeds in this matter. It should be noted as well that Sterling Jewelers has filed no Response to the instant Motion, nor has it manifested any objection to the withdrawal of Morgan & Akins as counsel for Seeds. Indeed, Morgan & Akins explains that it "has contacted counsel of record for the Defendant, Sterling Jewelers, Inc., and advised [it] of the current situation…." [*Id.* at 2.]

In light of Morgan & Akins' withdrawal as counsel for Seeds, the Court will grant Seeds sixty (60) days during which time he may retain new counsel in this matter. This period of time will begin to run upon the publication of this Memorandum Opinion & Order. Further, because Seeds will be retaining new counsel to pursue his claims against Sterling Jewelers, the Court will dismiss Sterling Jewelers' currently-pending Motion to Dismiss/Compel Arbitration without prejudice. [*See* DN 4.] Upon Seeds' retention of new counsel, Sterling has leave to refile any such motion(s) at any time.

### III. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

1. Morgan & Akins' Motion to Withdraw as Attorney of Record for Plaintiff [DN 5] is **GRANTED.**

2. Seeds shall have sixty (60) days from the date of the publication of this Memorandum Opinion & Order to retain new counsel to pursue this case.

3. Sterling Jewelers' Motion to Dismiss/Compel Arbitration [DN 4] is **DISMISSED WITHOUT PREJUDICE.** Sterling Jewelers may refile this motion upon Seeds' retention of new counsel, at which time the normal response and reply times shall apply.

**IT IS SO ORDERED.**

cc: Counsel of Record